IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 4, 2021

## DARLA JO ADAMS AUDIRSCH v. GRIFFIN LYNN AUDIRSCH

**Appeal from the Chancery Court for Moore County**
**No. 2907      J. B. Cox, Chancellor**

————————————————————

**No. M2020-00279-COA-R3-CV**

————————————————————

The Appellant, who is the former spouse of the Appellee, appeals the trial court's denial of his motion for "Rule 60" relief seeking residential time with the Appellee's child. There is no dispute that the Appellant has been excluded as the father of the child based upon DNA testing he requested. Discerning no error on the part of the trial court, we affirm its judgment.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed and Remanded.**

ARNOLD B. GOLDIN, J., delivered the opinion of the Court, in which ANDY D. BENNETT, and JOHN W. MCCLARTY, J., joined.

L. Samuel Patterson, Columbia, Tennessee, for the appellant, Griffin Lynn Audirsch.

Darla Jo Adams Audirsch[1], Lynchburg Tennessee, Pro se.

## OPINION

The present appeal stems from a divorce proceeding between Griffin Lynn Audirsch ("the Appellant") and Darla Jo Adams Audirsch ("the Appellee"). In her complaint commencing divorce proceedings against the Appellant, the Appellee averred that one child had been born during the marriage, but she asserted that the Appellant was not the biological father. According to the Appellee, both she and the Appellant were aware that he was not the father of the child. The complaint alleged the Appellee's child had been born in December 2014 and that the parties had separated the following summer in August 2015. According to the Appellee, the Appellant was incarcerated at the time of the complaint's filing. Following the filing of the Appellee's divorce complaint, the Appellant

———————————————

[1]Appellee Darla Jo Adams Audirsch did not file a brief or otherwise participate in this appeal.

requested DNA testing to determine parentage. Subsequent testing, conducted pursuant to court order, confirmed the Appellee's assertion, placing the Appellant's probability of paternity at "0%." The ensuing divorce judgment accordingly noted there was clear and convincing evidence that the Appellant was not the biological father of the Appellee's child and held that he had no rights or claims to the child.

The Appellant's present grievance specifically relates to his unsuccessful effort to set aside the trial court's judgment relative to claimed rights to the child. In a "Rule 60" motion filed subsequent to the entry of the divorce decree,[2] the Appellant acknowledged he was not the biological father of the child but requested that he be awarded "residential sharing time." The trial court ultimately denied relief to the Appellant and ruled against him on his motion, holding in relevant part that "[t]he DNA test result, obtained based on [the Appellant's] request and with [the Appellant's] active participation, indicating that [the Appellant] is not the father of the child, overcomes the presumption of paternity raised by the child being born during the marriage." This appeal followed.

On appeal, the Appellant argues that he should be given residential time and specifically points to the definition of a "legal parent" contained in Tennessee Code Annotated section 36-1-102, which contains definitions applicable to adoption and termination. Specifically, as the Appellant notes, a "legal parent" thereunder includes "[a] man who is or has been married to the biological mother of the child if the child was born during the marriage." Tenn. Code Ann. § 36-1-102(29). According to the Appellant, "[i]f the mother remarries and wanted to have her new husband adopt the child, then she would have to terminate the rights of the Appellant. She would have to do so because he is recognized as the legal father under Tennessee law."

There does not appear to be any dispute that the child at issue was born during the marriage of the parties, and we do not question under the law that such a fact made the

_____

[2] The divorce decree was entered on September 23, 2019. The "Rule 60" motion was filed thirty days later on October 23, 2019. Although we are of the opinion that it has no consequence to the result herein, technically this motion should have been considered as a motion for relief under Rule 59. This Court encountered a similar issue recently:

> On September 18, 2019, the trial court entered its order granting Defendant's motion to dismiss. Thirty days later, on October 18, 2019, Plaintiff filed her motion to "reconsider," which the trial court appropriately treated as a motion to alter or amend. *See Howell*, 372 S.W.3d at 579 n.3. Because Plaintiff filed her motion within 30 days of the entry of judgment, the order granting Defendant's motion to dismiss was not yet a final decision. *See* Tenn. R. App. P. 4(a); *Thigpen*, 1997 WL 351247, at *3. As such, despite Plaintiff labeling her motion as a Rule 60.02 motion, it should be reviewed under Rule 59.04.

*Black v. Khel*, No. W2020-00228-COA-R3-CV, 2020 WL 7786951, at *4 (Tenn. Ct. App. Dec. 30, 2020).

Appellant the *presumptive* father. *See* Tenn. Code Ann. § 36-2-304 (noting that a man is rebuttably presumed to be the father of a child if the man and child's mother "are married or have been married to each other and the child is born during the marriage"). Presumptions, however, by their very nature are not absolute as to their subject matter, and here, we agree with the trial court that the Appellant's presumption of parentage was sufficiently overcome by the very DNA testing he requested be performed. Moreover, the Appellant conceded he was not the biological father in his "Rule 60" motion. As for his argument that he carries a parental status such that he would even be required to be involved in termination proceedings should a future spouse of the Appellee wish to adopt the child, we note that the same statutory section relied upon by the Appellant for his position about him being the "legal parent" belies the point. Indeed, the Code provides that, where as here, "the presumption of paternity . . . is rebutted . . . the man shall no longer be a legal parent for purposes of this chapter and no further notice or termination of parental rights shall be required as to this person." Tenn. Code Ann. § 36-1-102(29)(C).

The trial court's judgment is affirmed, and we hereby remand the case for such further proceedings as may be necessary and consistent with this Opinion.

s/ Arnold B. Goldin

ARNOLD B. GOLDIN, JUDGE